1  NICOLA T. HANNA
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   JENNIFER L. WAIER (Cal. Bar No. 209813)
4  Assistant United States Attorney
        411 W. Fourth Street, Suite 8000
5       Santa Ana, California 92701
        Telephone: (714) 338-3550
6       Facsimile: (714) 338-3708
        E-mail:   Jennifer.Waier@usdoj.gov
7
   Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

9                   UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12 UNITED STATES OF AMERICA,        SACR19-00011-DOC

13            Plaintiff,            PLEA AGREEMENT FOR
                                    DEFENDANT LANCE TRANTUM
14            v.

15 LANCE TRANTUM,

16            Defendant.

17

18      1.   This constitutes the plea agreement between LANCE TRANTUM

19 ("defendant") and the United States Attorney's Office for the

20 Central District of California (the "USAO") in the above-captioned

21 case.  This agreement is limited to the USAO and cannot bind any

22 other federal, state, local, or foreign prosecuting, enforcement,

23 administrative, or regulatory authorities.

24                     DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26           a)   Give up the right to indictment by a grand jury and,

27 at the earliest opportunity requested by the USAO and provided by

28 the Court, appear and plead guilty to a one-count information in the

                                  1

1    form attached to this agreement as Exhibit A or a substantially
2    similar form, which charges defendant with wire fraud, a violation
3    of Title 18, United States Code, Section 1343.

4              b)    Not contest facts agreed to in this agreement.

5              c)    Abide by all agreements regarding sentencing
6    contained in this agreement.

7              d)    Appear for all court appearances, surrender as
8    ordered for service of sentence, obey all conditions of any bond,
9    and obey any other ongoing court order in this matter.

10             e)    Not commit any crime; however, offenses that would be
11   excluded for sentencing purposes under United States Sentencing
12   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
13   not within the scope of this agreement.

14             f)    Be truthful at all times with Pretrial Services, the
15   United States Probation Office, and the Court.

16             g)    Pay the applicable special assessment at or before
17   the time of sentencing unless defendant lacks the ability to pay and
18   prior to sentencing submits a completed financial statement on a
19   form to be provided by the USAO.

20        3.    Defendant further agrees to cooperate fully with the USAO,
21   the Federal Bureau of Investigation ("FBI"), and, as directed by the
22   USAO, any other federal, state, local, or foreign prosecuting,
23   enforcement, administrative, or regulatory authority.    This
24   cooperation requires defendant to:

25             a)    Respond truthfully and completely to all questions
26   that may be put to defendant, whether in interviews, before a grand
27   jury, or at any trial or other court proceeding.

28

                                    2

b)    Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c)    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a)    Not contest facts agreed to in this agreement.

b)    Abide by all agreements regarding sentencing contained in this agreement.

c)    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d)    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court

3

1   is 11 or higher and provided that the Court does not depart downward
2   in offense level or criminal history category.  For purposes of this
3   agreement, the low end of the Sentencing Guidelines range is that
4   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A,
5   without regard to reductions in the term of imprisonment that may be
6   permissible through the substitution of community confinement or
7   home detention as a result of the offense level falling within Zone
8   B.or Zone C of the Sentencing Table.

9         6.    The USAO further agrees:

10        a)    Not to offer as evidence in its case-in-chief in the
11   above-captioned case or any other criminal prosecution that may be
12   brought against defendant by the USAO, or in connection with any
13   sentencing proceeding in any criminal case that may be brought
14   against defendant by the USAO, any Cooperation Information.
15   Defendant agrees, however, that the USAO may use both Cooperation
16   Information and Plea Information: (1) to obtain and pursue leads to
17   other evidence, which evidence may be used for any purpose,
18   including any criminal prosecution of defendant; (2) to cross-
19   examine defendant should defendant testify, or to rebut any evidence
20   offered, or argument or representation made, by defendant,
21   defendant's counsel, or a witness called by defendant in any trial,
22   sentencing hearing, or other court proceeding; and (3) in any
23   criminal prosecution of defendant for false statement, obstruction
24   of justice, or perjury.

25        b)    Not to use Cooperation Information against defendant
26   at sentencing for the purpose of determining the applicable
27   guideline range, including the appropriateness of an upward
28   departure, or the sentence to be imposed, and to recommend to the

4

Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed.  Defendant understands, however, that Cooperation Information will be disclosed to the probation office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c)    In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d)    If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 3 above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

7.    Defendant understands the following:

a)    Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b)    Nothing in this agreement requires the USAO or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c)    Defendant cannot withdraw defendant's guilty plea if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range.

d)    At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e)    The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

## NATURE OF THE OFFENSE

8.    Defendant understands that for defendant to be guilty of wire fraud, in violation of Title 18, United States Code, Section 1343, the following must be true: (1) defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

1  (4) defendant used, or caused to be used, an interstate wire to
2  carry out or attempt to carry out an essential part of the scheme.

3  PENALTIES AND RESTITUTION

4      9.   Defendant understands that the statutory maximum sentence
5  that the Court can impose for a violation of Title 18, United States
6  Code, Section 1343 is: 20 years of imprisonment; a three-year period
7  of supervised release; a fine of $250,000 or twice the gross gain or
8  gross loss associated with the offense, whichever is greatest; and a
9  mandatory special assessment of $100.

10     10.  Defendant understands that supervised release is a period
11 of time following imprisonment during which defendant will be
12 subject to various restrictions and requirements.  Defendant
13 understands that if defendant violates one or more of the conditions
14 of any supervised release imposed, defendant may be returned to
15 prison for all or part of the term of supervised release authorized
16 by statute for the offense that resulted in the term of supervised
17 release, which could result in defendant serving a total term of
18 imprisonment greater than the statutory maximum stated above.

19     11.  Defendant understands that defendant will be required to
20 pay full restitution to the victims of the offense to which
21 defendant is pleading guilty.  Defendant agrees that, in return for
22 the USAO's compliance with its obligations under this agreement, the
23 Court may order restitution to persons other than the victims of the
24 offenses to which defendant is pleading guilty and in amounts
25 greater than those alleged in the count to which defendant is
26 pleading guilty.  In particular, defendant agrees that the Court may
27 order restitution to any victim of any of the following for any
28 losses suffered by that victim as a result of any relevant conduct,

7

1 as defined in U.S.S.G. § 1B1.3, in connection with the offense to
2 which defendant is pleading guilty.

3     12. Defendant understands that the conviction in this case may
4 also subject defendant to various other collateral consequences,
5 including but not limited to revocation of probation, parole, or
6 supervised release in another case and suspension or revocation of a
7 professional license. Defendant understands that unanticipated
8 collateral consequences will not serve as grounds to withdraw
9 defendant's guilty plea.

10     13. Defendant understands that, if defendant is not a United
11 States citizen, the felony conviction in this case may subject
12 defendant to: removal, also known as deportation, which may, under
13 some circumstances, be mandatory; denial of citizenship; and denial
14 of admission to the United States in the future. The court cannot,
15 and defendant's attorney also may not be able to, advise defendant
16 fully regarding the immigration consequences of the felony
17 conviction in this case. Defendant understands that unexpected
18 immigration consequences will not serve as grounds to withdraw
19 defendant's guilty plea.

20 FACTUAL BASIS

21     14. Defendant admits that defendant is, in fact, guilty of the
22 offense to which defendant is agreeing to plead guilty. Defendant
23 and the USAO agree to the statement of facts provided below and
24 agree that this statement of facts is sufficient to support a plea
25 of guilty to the charge described in this agreement and to establish
26 the Sentencing Guidelines factors set forth in paragraph 16 below
27 but is not meant to be a complete recitation of all facts relevant

28

8

to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in or about May 1, 2017, and continuing to in or about August 15, 2017, in Orange County, within the Central District of California, and elsewhere, defendant, B.P, and others, knowingly and with the intent to defraud, devised and executed a scheme to defraud and obtain money from investors by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts in connection with a private placement investment in ToonGoggles.

Defendant worked with others, including B.P., to contact prospective investors to solicit them to invest in ToonGoggles through a Private Placement Memorandum.  Defendant told investors that he was an Executive Producer for ToonGoggles.  At the time, as defendant well knew, defendant was not an Executive Producer at ToonGoggles, but merely a telemarketer.  Although defendant had a duty to disclose, defendant did not disclose to investors that defendant was making high commissions on the investments.

From this scheme, defendant caused approximately $90,937 in loss.

In furtherance of the scheme, on or about July 20, 2017, defendant caused the transmission of the following by means of wire communication in interstate commerce: a telephone call from defendant in Newport Beach, California, purporting to be an Executive Producer at ToonGoggles, to potential investor J.L. in Midkiff, Texas regarding an investment in ToonGoggles.

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable

Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [U.S.S.G. § 2B1.1(a)(1)] |
| Loss more than $40,000 but less than $95,000: | +6 | [U.S.S.G. § 2B1.1(b)(1)(D)] |

17.   Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.   Defendant reserves the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.   Defendant understands that by pleading guilty, defendant gives up the following rights:

10

1          a)     The right to persist in a plea of not guilty.

2          b)     The right to a speedy and public trial by jury.

3          c)     The right to be represented by counsel — and if
4    necessary have the court appoint counsel — at trial.  Defendant
5    understands, however, that, defendant retains the right to be
6    represented by counsel — and if necessary have the court appoint
7    counsel — at every other stage of the proceeding.

8          d)     The right to be presumed innocent and to have the
9    burden of proof placed on the government to prove defendant guilty
10   beyond a reasonable doubt.

11         e)     The right to confront and cross-examine witnesses
12   against defendant.

13         f)     The right to testify and to present evidence in
14   opposition to the charges, including the right to compel the
15   attendance of witnesses to testify.

16         g)     The right not to be compelled to testify, and, if
17   defendant chose not to testify or present evidence, to have that
18   choice not be used against defendant.

19         h)     Any and all rights to pursue any affirmative
20   defenses, Fourth Amendment or Fifth Amendment claims, and other
21   pretrial motions that have been filed or could be filed.

22                    WAIVER OF APPEAL OF CONVICTION

23        21.   Defendant understands that, with the exception of an
24   appeal based on a claim that defendant's guilty plea was
25   involuntary, by pleading guilty defendant is waiving and giving up
26   any right to appeal defendant's conviction on the offense to which
27   defendant is pleading guilty.

28

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

24.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

25.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not

1  be deemed to have cured a breach without the express agreement of
2  the USAO in writing.  If the USAO declares this agreement breached,
3  and the Court finds such a breach to have occurred, then: (a) if
4  defendant has previously entered a guilty plea pursuant to this
5  agreement, defendant will not be able to withdraw the guilty plea,
6  and (b) the USAO will be relieved of all its obligations under this
7  agreement.

8     27.  Following the Court's finding of a knowing breach of this
9  agreement by defendant, should the USAO choose to pursue any charge
10  that was not filed as a result of this agreement, then:

11        a)   Defendant agrees that any applicable statute of
12  limitations is tolled between the date of defendant's signing of
13  this agreement and the filing commencing any such action.

14        b)   Defendant waives and gives up all defenses based on
15  the statute of limitations, any claim of pre-indictment delay, or
16  any speedy trial claim with respect to any such action, except to
17  the extent that such defenses existed as of the date of defendant's
18  signing this agreement.

19        c)   Defendant agrees that: (i) any statements made by
20  defendant, under oath, at the guilty plea hearing (if such a hearing
21  occurred prior to the breach); (ii) the agreed to factual basis
22  statement in this agreement; and (iii) any evidence derived from
23  such statements, shall be admissible against defendant in any such
24  action against defendant, and defendant waives and gives up any
25  claim under the United States Constitution, any statute, Rule 410 of
26  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
27  Criminal Procedure, or any other federal rule, that the statements

28

14

1   or any evidence derived from the statements should be suppressed or
2   are inadmissible.

3                   COURT AND PROBATION OFFICE NOT PARTIES

4       28.   Defendant understands that the Court and the United States
5   Probation Office are not parties to this agreement and need not
6   accept any of the USAO's sentencing recommendations or the parties'
7   agreements to facts or sentencing factors.

8       29.   Defendant understands that both defendant and the USAO are
9   free to: (a) supplement the facts by supplying relevant information
10  to the United States Probation Office and the Court, (b) correct any
11  and all factual misstatements relating to the Court's Sentencing
12  Guidelines calculations and determination of sentence, and (c) argue
13  on appeal and collateral review that the Court's Sentencing
14  Guidelines calculations and the sentence it chooses to impose are
15  not error, although each party agrees to maintain its view that the
16  calculations in paragraph 16 are consistent with the facts of this
17  case.   While this paragraph permits both the USAO and defendant to
18  submit full and complete factual information to the United States
19  Probation Office and the Court, even if that factual information may
20  be viewed as inconsistent with the facts agreed to in this
21  agreement, this paragraph does not affect defendant's and the USAO's
22  obligations not to contest the facts agreed to in this agreement.

23      30.   Defendant understands that even if the Court ignores any
24  sentencing recommendation, finds facts or reaches conclusions
25  different from those agreed to, and/or imposes any sentence up to
26  the maximum established by statute, defendant cannot, for that
27  reason, withdraw defendant's guilty plea, and defendant will remain
28  bound to fulfill all defendant's obligations under this agreement.

1  Defendant understands that no one -- not the prosecutor, defendant's
2  attorney, or the Court -- can make a binding prediction or promise
3  regarding the sentence defendant will receive, except that it will
4  be within the statutory maximum.

5                          NO ADDITIONAL AGREEMENTS

6          31.  Defendant understands that, except as set forth herein,
7  there are no promises, understandings, or agreements between the
8  USAO and defendant or defendant's attorney, and that no additional
9  promise, understanding, or agreement may be entered into unless in a
10 writing signed by all parties or on the record in court.

11             PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

12         32.  The parties agree that this agreement will be considered
13 part of the record of defendant's guilty plea hearing as if the
14 entire agreement had been read into the record of the proceeding.

15 AGREED AND ACCEPTED

16 UNITED STATES ATTORNEY'S OFFICE
17 FOR THE CENTRAL DISTRICT OF CALIFORNIA

18 NICOLA T. HANNA
19 United States Attorney

20 _____        1/15/19
21 JENNIFER L. WATER                         Date
   Assistant United States Attorney

22 _____        9-11-18
23 LANCE TRANTUM                             Date
   Defendant

24

25 _____        9-13-18
26 CORRINE SERRENTINO                        Date
   Attorney for
27 Defendant LANCE TRANTUM

28

## CERRTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Lance Trantum_           9-11-18
LANCE TRANTUM          Date
Defendant

1

### CERTIFICATION OF DEFENDANT'S ATTORNEY

2     I am LANCE TRANTUM's attorney.  I have carefully and thoroughly

3 discussed every part of this agreement with my client.  Further, I

4 have fully advised my client of his rights, of possible pretrial

5 motions that might be filed, of possible defenses that might be

6 asserted either prior to or at trial, of the sentencing

7 factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8 Guidelines provisions, and of the consequences of entering into this

9 agreement.  To my knowledge: no promises, inducements, or

10 representations of any kind have been made to my client other than

11 those contained in this agreement; no one has threatened or forced

12 my client in any way to enter into this agreement; my client's

13 decision to enter into this agreement is an informed and voluntary

14 one; and the factual basis set forth in this agreement is sufficient

15 to support my client's entry of a guilty plea pursuant to this

16 agreement.

17

18 _____        9/20/18
_____

19 CORRINE FERRENTINO               Date
Attorney for

20 Defendant LANCE TRANTUM

21

22

23

24

25

26

27

28